53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Brian C. BAILEY, Petitioner-Appellant,
v.
Michael A. NELSON, Warden; Attorney General of the State of
Kansas, Respondents-Appellees.
 No. 94-3358.
 United States Court of Appeals, Tenth Circuit.
 May 1, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Brian C. Bailey appeals the district court's denial of habeas corpus relief. We exercise jurisdiction pursuant to 28 U.S.C. 2253. We grant Mr. Bailey's request for certificate of probable cause to appeal, and we affirm the district court's order.
 
 
 3
 The police in Kansas were investigating an armed robbery of a gas station when they brought Mr. Bailey to the police station for interrogation. During the initial interview of Mr. Bailey, the police obtained a waiver from Mr. Bailey of his right to have an attorney present. They also, through the District Attorney's office, promised Mr. Bailey that if he cooperated in the investigation of the gas station robbery then he would "be kept out of jail." A police officer explained to Mr. Bailey that the grant of immunity only pertained to the gas station robbery that occurred earlier that day. Mr. Bailey said he understood the limit of the immunity.
 
 
 4
 Later the same day, police officers read Mr. Bailey his Miranda rights and questioned him about earlier crimes. Mr. Bailey answered questions during this interview and a subsequent interview three days later, implicating himself in a series of armed robberies. Mr. Bailey was charged with four incidents of aggravated robbery and one count of felony murder from these earlier crimes.
 
 
 5
 At Mr. Bailey's preliminary hearing, the trial court dismissed the charges against Mr. Bailey because it concluded the grant of immunity extended to all of the charges. The prosecution appealed this ruling to the Kansas Supreme Court, which reversed the trial court holding the immunity was use and transaction immunity only extending to the initial crime that the police officers were investigating.
 
 
 6
 On remand, Mr. Bailey filed a motion to suppress his statements given to the police officers, arguing the initial interview resulted in the investigation of the earlier crimes. The trial court denied the motion to suppress. Mr. Bailey was convicted on all counts, and the Kansas Supreme Court affirmed the convictions on appeal.
 
 
 7
 Mr. Bailey initiated this habeas corpus action asserting the trial court failed to make a formal finding that the evidence used against him was derived from legitimate sources wholly independent of the statements made under immunity. Mr. Bailey contends the prosecution violated his Fifth Amendment right against self-incrimination. The federal district court concluded the need for such a hearing never arose in this case and denied habeas corpus relief. Mr. Bailey appeals.
 
 
 8
 The Supreme Court in Kastigar v. United States required that when a defendant was compelled to testify in exchange for a grant of immunity then the courts must hold a hearing to ensure the compelled testimony did not "lead to infliction of criminal penalties on the witness." 406 U.S. 441, 453 (1972). The Supreme Court explained the prosecution has an "affirmative duty to prove that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony." Id. at 460. Mr. Bailey insists he is entitled to a Kastigar hearing.
 
 
 9
 Mr. Bailey contends the police officers only continued to question him on the earlier crimes because of what they learned from him while he was under immunity. However, one of the police officers testified that he had prior suspicion that Mr. Bailey was involved in these earlier crimes. Also, the police officers read Mr. Bailey his Miranda rights before questioning him about earlier crimes, and they had explained to him that his immunity was limited. It was Mr. Bailey who gave the police officers the incriminating evidence on the earlier crimes. This was not compelled testimony.
 
 
 10
 The immunity protections were created to shield witnesses from being convicted by compelled evidence. Mr. Bailey was not convicted through the use of compelled testimony. He was convicted by his voluntary confession. In this particular case, a Kastigar hearing was not required.
 
 
 11
 Accordingly, we AFFIRM the district court order.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470